RECEIVED
OCT 22 2026
PRO SE OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HYUNSEOUNG CHOI**<br>*Plaintiff,*<br>-v-<br>**JOHN DOES 1-10**<br>*Defendants.* | Case No. CV 26-6584<br>CHO, M.J.<br>**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

Plaintiff Hyunseoung Choi respectfully moves this Court, under Federal Rules of Civil Procedure 26(d)(1) for leave to conduct limited third-party discovery before the Rule 26(f) conference for the sole purpose of identifying the unknown Defendants.

## I. Background

The Complaint alleges 48 calls violating the Telephone Consumer Protection Act ("TCPA") to Plaintiff's residential number, (401) 484-8243, between July 25, 2025 and April 24, 2026. Appendix A of the Complaint lists the details of each call and is reproduced in this Motion.

### a. Calls #1-36

Calls #1-36 were placed with constantly changing caller IDs, all using Plaintiff's own "401" area code, and leaving several identical voicemails with the same callback number and same artificial or prerecorded voice. This raises a strong inference that the calls were placed with spoofed caller IDs, and so investigation into the owner of those phone numbers would likely not yield the true Defendants. Therefore, without waiving any rights to further early discovery in the future, Plaintiff only seeks early discovery through Plaintiff's phone carrier, Google LLC, who holds the detailed call routing records necessary to identify the true caller(s).

REC'D IN PRO SE OFFICE
OCT 22 '26 AM11:21

Calls #1-36 also left four unique callback numbers for which Plaintiff seeks early discovery for carrier subscriber information. When Plaintiff called each number, each call immediately disconnected without reaching a recipient:

- Calls #1-5 left the callback number (619) 935-1060.
- Calls #6-10 left the callback number (877) 865-5852.
- Calls #11-35 left the callback number (959) 262-8948.
- Call #36 left the callback number (866) 202-2034.

**b. Calls #37-48**

Calls #37-48 were all placed with the same caller ID, (781) 425-5883. No callback number was given. When Plaintiff called this number in an attempt to identify the caller, the call immediately disconnected. Upon information and belief, this is another sign that the caller ID was spoofed to conceal the true calling number. Plaintiff seeks expedited discovery on both the carrier subscriber information for the five phone numbers, and routing records held by Plaintiff's phone carrier regarding these calls.

## II. Plaintiff's Independent Investigations

Plaintiff has conducted a reasonable investigation to identify Defendants, to no avail.

Plaintiff used Twilio's popular Lookup API to identify the carriers of the non-toll-free numbers. Twilio is a "cloud communications company" which provides "programmable communication tools for making and receiving phone calls, sending and receiving text messages, and performing other communication functions using its web service APIs."[1] According to Twilio, its Lookup API allows users to "format, validate, and enrich phone numbers with carrier and risk data before you send a message, verify a user, or process a transaction."[2]

[1] https://en.wikipedia.org/wiki/Twilio
[2] https://www.twilio.com/en-us/user-authentication-identity/lookup

Plaintiff's investigation using the Twilio Lookup API did not show any results for the owner of any of the phone numbers. However, the results did identify the carriers responsible for each phone number: "Nuso LLC" for (959) 262-8948 and (619) 935-1060, and "Windstream Holdings" for (781) 425-5883. "Windstream Holdings" recently merged with Uniti Group Inc.[3]

In the United States, the Federal Communications Commission ("FCC") has designated Somos, Inc. as the administrator of the U.S. toll-free number registry. Plaintiff consulted the online query tool of Somos, Inc. with regard to the toll-free numbers. Somos identified "Sangoma US Inc." as the Toll-Free Service Provider that reserved (877) 865-5852, and "Call Haven Partners, LLC" as the provider that reserved (866) 202-2034.[4] Those Providers do not share subscriber information to third-parties.

## III. Information Sought

### a. Call Metadata and Routing Records from Google LLC

A spoofed caller ID does not reliably identify the originating caller. Telemarketing calls often pass from the caller's original provider through intermediate or gateway providers before reaching the recipient. *Advanced Methods to Target and Eliminate Robocalls*, 90 F.R. 56101 (proposed Dec. 5, 2025). In order to trace the call to the original caller, the call recipient must first use their own phone provider's records to identify the preceding provider, going up the chain until ultimately reaching the originating customer.

Plaintiff therefore requests early discovery in the form of a clerk-issued subpoena for Call Metadata and Routing Records on Google LLC, Plaintiff's phone carrier at all relevant times, for all Calls #1-48. "**Call Metadata and Routing Records**" means, for each Call:

- Call-detail records, with call/session identifiers linking it to the corresponding voicemail;

[3] https://investor.uniti.com/news-releases/news-release-details/uniti-completes-merger-windstream
[4] https://www.somos.com/our-solutions/power-trusted-connections/modern-day-value-toll-free/find-toll-free-number

- The source signaling IP address and trunk identifier from which Google received each call;
- Call-routing logs, SIP headers, and gateway identifiers;
- STIR/SHAKEN authentication results and signing-provider information;
- Records identifying the upstream providers and any originating accounts linked to the call;
- Name, address, and contact information for any originating account linked to the call.

## IV. Carrier Subscriber Information from the phone carriers

The voicemails left by Calls 1-36 left one of four callback numbers. Additionally, Calls 37-48 consistently displayed (781) 425-5883 as their Caller ID. These five numbers are presumably owned directly by the caller in order to be contacted by call recipients.

Plaintiff therefore requests early discovery in the form of a clerk-issued subpoena seeking Carrier Subscriber Information from each company which is designated as the carrier or provider for each of the five phone numbers to ascertain the user or subscriber of each phone number. "**Carrier Subscriber Information**" means, for the relevant caller ID numbers:

- Historical subscriber and reseller identities and contact information.
- Number assignment and porting history.
- Routing and forwarding records.
- Records identifying the customer receiving return calls.
- Records linking any listed calls it delivered to the number or routed elsewhere.

## V. Good Cause Exists to Permit Early Discovery

F.R.C.P. 26(d)(1) provides that a party may not seek discovery before the Rule 26(f) conference except when authorized by court order. When considering whether to grant a motion for early or expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D.

165, 171 (S.D.N.Y. 2012). Where the true identity of a defendant is not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). In a closely analogous TCPA case, this Court found good cause to subpoena a telephone-number provider for an unidentified caller's name and address. *Farrell v. Benchmark Services, LLC*, No. 24-cv-4494, ECF No. 6 at 1-3 (E.D.N.Y. June 27, 2024) (Bloom, M.J.).

The same need exists here. Plaintiff alleges unsolicited prerecorded commercial calls to his residential line, with enough allegations to support claims under 47 U.S.C. § 227(b) and § 227(c). The call list, repeated scripts, and callback numbers identify particular conduct by real, unidentified callers. Plaintiff has conducted a reasonably diligent search for Defendants' identities, but still cannot name or serve them using the information available to him. Phone carriers require a court order or subpoena to release subscriber information to third parties.

## VI. Requested Relief

Plaintiff respectfully requests leave to serve clerk-issued Rule 45 subpoenas as Google LLC; Nuso LLC; Sangoma US Inc.; Call Haven Partners, LLC; and Uniti Group, Inc. as specified below. Records must identify the customer and routing arrangements in effect on those dates.

| Third Party | Call # | Requested Documents |
|---|---|---|
| Nuso LLC | 1-5, 11-35 | **Carrier Subscriber Information** for (959) 262-8948 and (619) 935-1060 |
| Sangoma US Inc. | 6-10 | **Carrier Subscriber Information** for (877) 865-5852 |
| Call Haven Partners, LLC | 36 | **Carrier Subscriber Information** for (866) 202-2034 |
| Uniti Group Inc. | 37-48 | **Carrier Subscriber Information** for (781) 425-5883 |
| Google LLC | 1-48 | **Call Metadata and Routing Records** for all calls listed in Appendix A |

Upon receiving information from the subpoenaed third parties, Plaintiff expects to renew this motion for expedited discovery if such information shows that the calls were routed through a different third-party upstream, necessitating follow-up subpoenas towards further third-parties.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on October 22nd, 2026, in Long Island City, New York.


**By: HYUNSEOUNG CHOI**
**Plaintiff, *pro se***
43-10 Crescent St. Apt. 2705
Long Island City, NY 11101
hschoi9898@gmail.com
(401) 484-8243


**CERTIFICATE OF COMPLIANCE**

I certify that this Motion contains 1,760 words, including footnotes and excluding the caption, signature blocks, and certificates, and complies with Local Civil Rule 7.1(c).


**HYUNSEOUNG CHOI**
**Plaintiff, *pro se***

**Appendix A**
**List of Voicemail Calls to Plaintiff's Phone Number from Presumably Spoofed Caller IDs**

| # | Date/Time of Call | Caller ID | Callback number mentioned in voicemail |
|---|---|---|---|
| 1 | 2025-07-25 10:00:18 EDT | (401) 856-9717 | (619) 935-1060 |
| 2 | 2025-07-30 14:50:02 EDT | (401) 306-5984 | (619) 935-1060 |
| 3 | 2025-08-01 13:16:59 EDT | (401) 344-3821 | (619) 935-1060 |
| 4 | 2025-08-04 16:43:38 EDT | (401) 206-4792 | (619) 935-1060 |
| 5 | 2025-08-12 16:47:29 EDT | (401) 429-0627 | (619) 935-1060 |
| 6 | 2026-01-30 10:15:51 EST | (401) 204-0574 | (877) 865-5852 |
| 7 | 2026-01-30 11:14:56 EST | (401) 200-9410 | (877) 865-5852 |
| 8 | 2026-01-30 14:08:59 EST | (401) 203-4902 | (877) 865-5852 |
| 9 | 2026-01-30 16:44:48 EST | (401) 204-0042 | (877) 865-5852 |
| 10 | 2026-02-02 09:31:41 EST | (401) 204-0869 | (877) 865-5852 |
| 11 | 2025-07-25 16:06:18 EDT | (401) 621-2216 | (959) 262-8948 |
| 12 | 2025-07-31 14:42:32 EDT | (401) 200-9480 | (959) 262-8948 |
| 13 | 2025-08-01 10:56:48 EDT | (401) 330-4645 | (959) 262-8948 |
| 14 | 2025-08-06 12:26:47 EDT | (401) 530-8909 | (959) 262-8948 |
| 15 | 2025-08-07 13:40:44 EDT | (401) 343-9548 | (959) 262-8948 |
| 16 | 2025-08-08 15:55:58 EDT | (401) 628-9016 | (959) 262-8948 |
| 17 | 2025-08-12 10:12:53 EDT | (401) 377-7822 | (959) 262-8948 |
| 18 | 2025-08-13 11:56:07 EDT | (401) 656-9498 | (959) 262-8948 |
| 19 | 2025-08-15 10:03:30 EDT | (401) 589-7806 | (959) 262-8948 |
| 20 | 2025-08-18 11:06:00 EDT | (401) 777-0953 | (959) 262-8948 |
| 21 | 2025-08-20 10:29:51 EDT | (401) 856-5855 | (959) 262-8948 |
| 22 | 2025-08-21 11:20:01 EDT | (401) 548-7054 | (959) 262-8948 |
| 23 | 2025-08-25 12:34:08 EDT | (401) 279-0735 | (959) 262-8948 |
| 24 | 2025-08-25 13:32:17 EDT | (401) 459-9115 | (959) 262-8948 |
| 25 | 2025-08-26 14:28:07 EDT | (401) 594-9533 | (959) 262-8948 |
| 26 | 2025-08-28 14:20:17 EDT | (401) 829-4130 | (959) 262-8948 |
| 27 | 2025-09-04 12:09:37 EDT | (401) 643-3265 | (959) 262-8948 |
| 28 | 2025-09-11 14:24:36 EDT | (401) 229-6056 | (959) 262-8948 |
| 29 | 2025-09-12 16:03:28 EDT | (401) 648-4190 | (959) 262-8948 |
| 30 | 2025-09-16 13:16:16 EDT | (401) 226-0837 | (959) 262-8948 |
| 31 | 2025-09-17 12:47:48 EDT | (401) 281-4152 | (959) 262-8948 |
| 32 | 2025-09-30 11:08:27 EDT | (401) 200-3483 | (959) 262-8948 |
| 33 | 2025-10-02 13:11:25 EDT | (401) 203-8983 | (959) 262-8948 |
| 34 | 2025-10-10 14:59:07 EDT | (401) 209-1334 | (959) 262-8948 |

| | | | |
|---|---|---|---|
| 35 | 2025-10-22 16:31:22 EDT | (401) 208-0822 | (959) 262-8948 |
| 36 | 2026-04-24 10:00:58 EDT | (401) 206-4664 | (866) 202-2034 |
| 37 | 2025-12-19 15:27:39 EST | (781) 425-5883 | None |
| 38 | 2025-12-19 21:14:38 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 39 | 2025-12-22 04:59:23 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 40 | 2025-12-22 10:13:57 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 41 | 2025-12-25 10:31:15 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 42 | 2025-12-29 04:47:11 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 43 | 2025-12-30 09:48:14 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 44 | 2025-12-30 18:09:09 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 45 | 2026-01-23 15:46:41 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 46 | 2026-01-28 09:38:31 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 47 | 2026-02-11 09:28:05 EST | (781) 425-5883 | None, same voicemail message as #37 |
| 48 | 2026-02-24 10:53:25 EST | (781) 425-5883 | None, same voicemail message as #37 |